UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILIO FARINA; EDITH FARINA,<br>Plaintiffs,<br>-against-<br>BANK OF NEW YORK MELLON, et al.,<br>Defendants. | 26-CV-6808 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs bring this action *pro se*. Plaintiffs sue Ocean County, New Jersey, the State of New Jersey, the New Jersey Superior Court System, New Jersey Judges Vincent J. Grasso, Michael A. Shipp, and Michael B. Kaplan, "Jane Smith" Bankruptcy Clerk of Court in New Jersey, Bankruptcy Trustee Albert C. Russo, J. Eric Kishbaugh of KML Law Group in Philadelphia, the Bank of New York Mellon, the United States, and others.

Plaintiffs invoke the Court's federal question jurisdiction and assert civil claims for alleged violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1968, and claims under 42 U.S.C. § 1983. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

The RICO Act includes a venue provision providing that RICO claims "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs allege that Judge Vincent J. Grasso  issued "a final foreclosure judgment on March 27, 2026," in New Jersey.[1] (ECF 1 at 4.) Plaintiff Edith Farina filed proceedings in the Bankruptcy Court in New Jersey, in 2024 and 2025 (*Id.* at 11-12.) Nearly all of the defendants have addresses in New Jersey.

Venue of Plaintiffs' claims does not appear to be proper in this district under Section 1391(b)(1), based on where defendants reside; most defendants are alleged to reside outside of the State of New York, where this district is located.

Venue of Plaintiffs' claims also does not appear to be proper in this district, under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiffs allege that defendants violated their rights in connection with foreclosure and Bankruptcy proceedings in New Jersey. Because the events giving rise to Plaintiffs' claims occurred in New Jersey, venue under Section 1391(b)(2) is proper in the District of New Jersey.

Venue of Plaintiffs' RICO claims, under Section 1965(a), also appears to be proper in the District of New Jersey, given that nearly all defendants are located in that district.

[1] Plaintiffs' prior action in this court appears to have involved the same residential property in Toms River, New Jersey, at issue here. *See Farina et al v. Bank of New York*, No. 15-CV-3540 (LAP) (S.D.N.Y. May 13, 2015) (action transferred to the District of New Jersey).

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey, and it is reasonable to expect that all relevant documents and witnesses also would be in New Jersey. Plaintiffs do not reside in this district and the operative events did not occur here. The District of New Jersey appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: August 11, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge